PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK ESPOSITO,

      Plaintiff,

  -v-                                               15-CV-155S
                                                      ORDER

CITY OF NIAGARA FALLS, NY, et al.,

      Defendants.
_____

## INTRODUCTION

On April 15, 2015, the Court granted plaintiff permission to proceed *in forma pauperis* and, pursuant to Fed.R.Civ.P. 4(c)(3) and 28 U.S.C. § 1915(d), directed the Clerk of Court to cause the United States Marshals Service to serve the Summons and Complaint upon the defendants--the City of Niagara Falls, two Officers of the Niagara Falls Police Department (Patrick Clifton and Kristina Zell), and Kyle Andrews, Niagara County Treasurer and Administrator of the Estate of a deceased officer, William J. Gee. (Docket No. 3.)

Summonses were issued on April 17, 2015, but after no Acknowledgments of Service, *see* N.Y. C.P.L.R. § 312-a(b),[1] or other evidence of service had been returned, the Clerk's Office re-issued summonses on November 30, 2015.

On December 4, 2015, the United States Marshals Service returned to the Court four Marshal Process Receipt and Return Forms (USM-285) ("Marshal Forms") indicating that its first attempt to serve the defendants by mail pursuant to N.Y. C.P.L.R.

---

[1] N.Y. C.P.L.R. § 312-a(b), which is the method of service the Marshal Service utilizes in this District in the first instance, provides that service is not "complete" until the defendant returns the signed Acknowledgment of Receipt of Service ("Acknowledgment of Service") to the Marshals Service.

§ 312-a had not been returned and that "personal service" had been attempted or made on December 1 or 2, 2015.  (Docket No. 4.)  The Marshal Forms, however, do not indicate how personal service was attempted or effected on the individual defendants, Clifton, Zell and Andrews, or the municipal defendant, City of Niagara Falls, see Fed.R.Civ.P. 4(e)(1) (Serving an Individual within a Judicial District) and (j) (Serving a Local Government), and N.Y. C.P.L.R. § 308 (Personal service upon a natural person) and § 311 (Personal service upon a governmental subdivision).  Fed.R.Civ.P. 4(e) and (j) provide that service can be accomplished "in the manner prescribed by that state's law for serving a summons . . . ."

Plaintiff filed a Request for Entry of Default against the defendants (Docket No. 5), which the Clerk's Office denied on May 18, 2016, because the summonses had been returned "unexecuted"--meaning service had not been effected on the defendants.

For the following reasons, the Clerk of Court again is directed to cause the United States Marshals Service to personally serve the Summons and Complaint upon the defendants Clifton, Zell, and Andrews, as set forth in N.Y. C.P.L.R. § 308 (1), (2) or (4), and upon the defendant City of Niagara Falls, as set forth in N.Y. C.P.L.R. § 311(3), and the time to serve the Summons and complaint is extended 90 days, see Fed.R.Civ.P. 4(m).

**DISCUSSION**

1. <u>Service</u>

Under N.Y. C.P.L.R. §§ 308, personal service can be effected upon a natural person in one of four ways: (1) "delivering the summons . . . to the person to be served ("personal service"), *id.*, § 308(1); (2) "delivering the summons . . . to a person of

suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served **and** by mailing the summons to the person to be served at his or her last known residence or by mailing by first class mail to the person to be served at his or her actual place of business . . ., such delivery and mailing to be effected within twenty days of each other . . . " ("deliver and mail"), *id.*, § 308(2); (3) "delivering the summons . . . to the agent for service of the person to be served as designated under rule 318 . . . ", *id.*, § 308(3); and (4) "where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode . . . **and** by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . such affixing and mailing to be effected within twenty days of each other . . . " ("nail and mail"), *id.*, § 308(4).

A local government is to be served by either "delivering" a copy of the summons and complaint to its chief executive officer or in the manner prescribed by state law. Fed.R.Civ.P. 4(j). New York law provides that a city, other than the city of New York, can be served by delivering the summons to the mayor, comptroller, treasurer, counsel or clerk, or if the city lacks such offices, to an officer "performing a corresponding function under another name." N.Y. C.P.L.R. § 311(3).

The Marshal Forms returned (Docket No. 4) do not indicate what section of N.Y. C.P.L.R. § 308 and/or § 311 had been used to attempt or effect service and whether the Summons and Complaint was actually "delivered" to the defendant to be served or, if not, and rather delivered to a person of suitable age of discretion, whether and when the

Summons and Complaint also was mailed to the defendant at his or her last known residence or actual place of business.  *See* N.Y. C.P.L.R. § 308 (2) and (4).

The Marshal Forms for defendants Officer Zell and County Treasurer Andrews have a box checked that states "I certify and return that I personally served . . . the process described on the individual, company, corporation, etc., at the address shown above . . . ." (Docket No. 4.)  The "Remarks" Section of these two Marshals Forms indicate that service was first attempted by mail on April 29, 2015, and that as of November 30, 2015, no Acknowledgments of Service had been returned, *see* N.Y. C.P.L.R. § 312-a(b), and n.1, *supra*.  The Marshal Forms also indicate that the "Date of Service" was December 1, 2015.  There also is a hand-written highlighted statement that states "*2nd Attempt* Personal Service."

The Marshal Form for defendant Officer Clifton lists an address of 1925 Main Street, Niagara Falls, New York, the same address as stated for Officer Zell and presumably the address for the Niagara Falls Police Department, and has a box checked that certifies that the Deputy Marshal who attempted to serve Clifton was unable to locate him.  The "Date of Service" is indicated as December 2, 2015, and the Remarks Section indicates the same thing noted on the Marshal Forms for the other individual defendants--*viz.*, that service was first attempted by mail on April 29, 2015, and as of November 30, 2015, no Acknowledgment of Service had been returned.  The same hand-written highlighted statement also appears on the Marshal Form for Clifton. (Docket No. 4.)

The Marshal Form for the City of Niagara Falls contains an address for the City of Niagara Falls Corporation Counsel, Craig Johnson, and notes in the Remarks

Section that a Christopher M. Mazur, Deputy Corporation Counsel, was served on December 2, 2015. Service on a Deputy Corporation Counsel is not a listed means for service on a city under either Fed.R.Civ.P. (4)(j) or N.Y. C.P.L.R. § 311(3).

Based on the foregoing discussion, the Court finds that service has not been effected under Fed.R.Civ.P. 4(e) and 4(j), and N.Y. C.P.L.R. §§ 308 and 311, and, accordingly, the Marshals Service must again attempt to personally serve the defendants.

2. Extension of Time to Serve Summons and Complaint

As noted above, plaintiff has been granted permission to proceed *in forma pauperis*. (Docket No. 3.) Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Romandette v. Weetabix*, 807 F.3d 209 (2d Cir. 1986); *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747, at ** 55-56 (S.D.N.Y. Feb. 7, 2005) ("Once plaintiff provided the Marshal's Service with the information required to serve his complaint, he was absolved of further responsibility for service.").

Here, the Court granted plaintiff permission to proceed *in forma pauperis* and, therefore, it was the Court's responsibility to effect service upon the defendants as long as plaintiff properly identified them and provided information necessary to effect proper service. Addresses for the defendants' usual place of business are indicated on the Marshal Forms.

Accordingly, the Court finds that there is "good cause," pursuant to Fed.R.Civ.P. 4(m), to extend the time to serve the Summons and Complaint herein. *See Murray v.*

*Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)) (citations omitted)); *Rivera*, 2005 U.S. Dist. LEXIS 2747, at * 56 n. 28 (numerous circuit courts have held that as long as the inmate provides the information necessary to identify the defendant, the Marshals Service failure to effect service constitutes "good cause" to extend time for service under Rule 4(m)); *see also Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir.2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause.").

**ORDER**

IT HEREBY IS ORDERED that the Clerk of Court is again directed to cause the United States Marshal to serve the Summons and Complaint, this Order, and the Order entered April 15, 2015 (Docket No. 3) on the named defendants, pursuant to Fed.R.Civ.P. 4(e)(1) and 4(j), and N.Y.C.P.L.R. § § 308 (1), (2) or (4) and 311(3), without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to Fed.R.Civ.P. 4(m), the time to serve the Summons and Complaint upon the defendants is extended 90 days from the date of entry of this Order;

FURTHER, that the Marshals Forms returned by the Marshals Service--*i.e.*, Proof of Service--should state specifically how the defendants were personally served and if the individual defendants, Clifton, Zell, and Andrews were not served by

delivering the Summons and Complaint directly to them but to a person of suitable age and discretion at his or her actual place of business, dwelling place or usual place of abode, the Marshals Forms must state that a copy of the Summons and Complaint also was mailed to them at his or her last known address or actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or "concerns an action against the person to be served."  See N.Y. C.P.L.R. § 308(2) & (4).  The mailing, if necessary, must be performed within 20 days of delivering the Summons and Complaint upon a person of suitable age of discretion at the defendant's actual place of business, dwelling place or usual place of abode;

FURTHER, the Clerk of Court also is directed to forward a copy of this Order to Craig Johnson, Corporation Counsel, City of Niagara Falls, Department of Law, 745 Main Street, Post Office Box 69, Niagara Falls, New York 14301, and Mr. Johnson and/or his office is requested to use reasonable efforts to assist the Court with service of the Summons and Complaint upon the defendants herein, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997).

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:   May 31, 2016
         Buffalo, NY