UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK ESPOSITO,

                              Plaintiff,

                                                  **DECISION AND ORDER**

v.

                                                    15-cv-155(WMS)(JJM)

CITY OF NIAGARA FALLS, et al.,

                                Defendants.
_____

        Plaintiff seeks relief under 42 U.S.C. §1983, claiming that Niagara Falls Police Officer William Gee used excessive force at the time of plaintiff's arrest on February 19, 2010 and that Officers Patrick Clifton and Kristina Zell failed to intervene. Amended Complaint [19].[1]

        In response to plaintiff's discovery requests, the defendants submitted various documents to me for an *in camera* review to determine whether production of those documents was required. *See* Joseph S. Brown's January 12, 2018 Letter [45]. Of the items identified in that Letter, plaintiff seeks certain items from the personnel files of Officer Gee and Officer Zell, as well as the production of performance evaluations for the two officers. Plaintiff also seeks production of documents relating to Officer Gee's criminal arrest history and background questionnaire. *See* Erin Borek's January 16, 2018 Letter [46].

---

[1]     Bracketed references are to CM/ECF docket entries, and unless otherwise indicated, page references are to the documents themselves rather than to CM/ECF pagination.

Upon review of the documents presented *in camera*, I find as follows:

<u>Officer Gee's Personnel File</u> - Plaintiff requests production of Items 2, 3, 4 and 5 (Borek Letter [46], pp. 5, 7). Defendants oppose the production of Items 2, 3 and 4 because the charges "were not substantiated" (Brown Letter [45], p. 5). However, I agree with those authorities holding that discoverability does not depend upon whether the charges were substantiated. *See* Borek's Letter, p. 3; <u>Jackson v. Monin</u>, 2015 WL 5714243, *3 (W.D.N.Y. 2015). Therefore, Items 2, 3 and 4 should be produced. Defendants oppose the production of Item 5 because it did not involve a claim of excessive force. While Item 5 did not involve a claim of excessive force, it mentions anger management issues, and therefore should also be produced.

<u>Officer Zell's Personnel File</u> - Plaintiff requests that Items 2, 3 and 4 be produced (Borek's Letter [46], p. 5). Item 2 arguably relates to the use of excessive force by Officer Zell, and therefore should be produced. The fact that it postdated the incident which is the subject of this litigation does not bar its production. *See* <u>Gross v. Lunduski</u>, 304 F.R.D. 136, 145 (W.D.N.Y. 2014). However, Items 3 and 4 do not involve excessive force, and therefore need not be produced.

<u>Officer Gee's Background Questionnaire and Documents relating to 1995 Incident and 1987 Arrest</u> - These documents are too attenuated in time and need not be produced.

<u>Performance Evaluations</u> - The performance evaluations for Officers Clifton and Zell (Brown's Letter [45], p. 7, Items 4 and 5) are at least arguably relevant and should be produced. *See* <u>Velez v. City of New York</u>, 2010 WL 2265443, *5 (E.D.N.Y. 2010).

<u>Secondary Employment Forms (Brown's Letter [45], p. 7, Item 3)</u> - The defendants should explain what these are. Once identified, if the parties cannot agree as to whether these documents should be produced, I will entertain an application to resolve the issue.

Redactions - Sensitive personal information may be redacted from documents which are to be produced. If the parties disagree as to redactions, I will resolve the issue.

**SO ORDERED.**

September 20, 2018

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge